518 P.2d 683

**H. V. ROPER and Mary H. Roper, his wife, Plaintiffs and Respondents,**

v.

**J. Blain BARTHOLOMEW and Izola S. Bartholomew, his wife, and substituted party, Clair L. Dorius, successor to defendants, Defendants and Appellants.**

**No. 13337**

Supreme Court of Utah.

Jan. 24, 1974.

---

10. Sec. 17–16–7, U.C.A.1953.

Dale M. Dorius, Brigham City, for Dorius.

Udell R. Jensen, Nephi, for Bartholomew.

Louis G. Tervort, Manti, for plaintiffs-respondents.

CALLISTER, Chief Justice:

Plaintiffs filed this action to partition certain real property in Sanpete County, which they owned as tenants in common with defendants. There were six parcels of land involved; plaintiffs and defendants each owned a one-half undivided interest in four of the parcels, and in the remain-

ing two, plaintiffs owned an undivided three-fourths interest, and defendants an undivided one-fourth interest. The trial court ordered the appointment of three referees to partition the property. The referees recommended certain division lines, which were subsequently adopted by the trial court. A judgment was rendered decreeing partition in accordance with the report of the referees. Defendants appeal.

■ Defendants claim that they were entitled to a statutory notice as provided in Section 78–39–11, U.C.A.1953, by the referees in regard to their proposed plan of partition.

The statute upon which defendants rely by its express terms applies only to a person having an outstanding lien of record, who is not a party to the action. Defendants' assertion that the referees failed to give them an opportunity regarding the proposed division is without merit. According to the order of the trial court appointing the referees, it was incumbent on the parties to the action to contact the referees and arrange an appointment.

■ Defendants contend that the judgment, which incorporated the proposed partition of the referees, was in error on the ground that it described the division by a corral fence and other landmarks rather than ordering a survey and designating the number of acres awarded to defendants.

Section 78–39–13, U.C.A.1953, specifically provides that the referees may designate the several portions by proper landmarks; the determination to employ a surveyor to aid the referees is committed to their discretion.

■ Defendants urge that it was error to require them to sell a share of their property to plaintiffs on the ground that Section 78–39–24, U.C.A.1953, provides that all sales by referees must be made at public auction to the highest bidder.

The judgment acknowledged that there was a difference in the value of farm land and, therefore, ordered plaintiffs to pay defendants the sum of $200 per acre for four acres for the farm acreage, which was within the division line. This order was within the purview of Section 78–39–41, U.C.A.1953, which provides:

When it appears that a partition cannot be made equally among the parties according to their respective rights without prejudice to the rights and interests of some of them, and a partition is ordered, the courts may adjudge compensation to be made by one party to another on account of the inequality; . . . And in all cases the court has power to make compensatory adjustment among the parties according to the principles of equity.

The remaining points on appeal are a mere restatement of the prior points and

do not merit further discussion. The judgment of the trial court is affirmed. Costs are awarded to plaintiffs.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.