Earl **MICHAELSON**, and Mabel Michaelson, his wife, Plaintiffs and Respondents,

v.

Lyman **LARSON**, and Katie P. Larson, his wife, Defendants and Appellants.

No. 18175.

Supreme Court of Utah.

Dec. 29, 1982.

Dale M. Dorius, Brigham City, for defendants and appellants.

Paul R. Frischknecht, Manti, for plaintiffs and respondents.

PER CURIAM:

This is an appeal from an order of partition of real estate jointly owned by the parties.

Appellants and respondents are joint tenants and owners of 91.42 acres of real property in Sanpete County. Both parties own other land in the area. Respondents instituted a partition action to divide the jointly

held tract. The court appointed referees to make recommendations for a partition or sale. Based upon legal descriptions and their viewing of the property, the referees recommended dividing the tract into a north parcel and a south parcel, each containing 46.71 acres. The referees recommended that respondents be awarded the northern parcel and appellants be awarded the southern parcel. They also suggested that appellants be granted an easement across an adjoining tract owned by respondents to allow for the movement of herds and equipment to a nearby tract owned by appellants. The court followed the recommendations of the referees and an order of partition was entered. Appellants objected to said order on the grounds that the descriptions were not accurate and would not give marketable title to the parties involved.

On appeal, appellants contend that descriptions employed do not use any ordinary landmarks upon which the parties may rely to determine their boundaries. They contend that the court's failure or refusal to order a survey constitutes reversible error.

The employment of a surveyor by the referees is discretionary with them provided they can, without the help of a surveyor, designate the several portions by "proper landmarks." U.C.A., 1953, § 78–39–13 enumerates the duties and powers of referees as follows:

> In making the partition the referees must divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court pursuant to the provisions of this chapter, designating the several portions by proper landmarks, and may employ a surveyor with the necessary assistance to aid them. . . .

In *Roper v. Bartholomew*,[1] a survey was held unnecessary where the several portions were designated by the referees by reference to a corral fence and other landmarks.

In the instant case, however, there are no landmarks to which the referees made any reference. The partition here was made by mathematical calculations on paper. The dividing line between the two portions was not marked on the ground. The direction of the statute has not been complied with. Undoubtedly the statute requires designation on the ground in order to make certain the division, to avoid future problems between the adjoining owners and, if a survey is required, to allow the cost to be divided equitably among the parties instead of later on putting the burden and cost of a survey upon one party who wishes to know where his boundary lies.[2]

Reversed and remanded. No costs awarded.

---

1. 30 Utah 2d 386, 518 P.2d 683 (1974).

